UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kenneth Daywitt and
William De'Angelo Kinnard,

                Plaintiffs,

v.

Kevin Moser, Sue Johnson, Joanne Christenson, Lisa Kuklis, and Rhett Reed, in their individual and official capacities,

                Defendants.

Case No. 17-cv-1720 (WMW/LIB)

**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**

---

       This matter is before the Court on the June 5, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 41.) The R&R recommends granting in part and denying in part Defendants' motion to dismiss Plaintiffs' complaint. Plaintiffs and Defendants filed timely objections to the R&R. For the reasons addressed below, the Court overrules the parties' objections and adopts the R&R as modified.

## BACKGROUND

       Plaintiffs Kenneth Daywitt and William De'Angelo Kinnard are civilly committed to the Minnesota Sex Offender Program (MSOP) in Moose Lake, Minnesota. Daywitt practices Judaism and "adher[es] to the dictates of his faith and eating kosher food."

Kinnard adheres to Rastafarianism,[1] which requires "a strict vegan diet." Defendants are the director, program manager, kitchen supervisor, chief cook, and registered dietician at MSOP-Moose Lake, who have been sued in their official and individual capacities.

In this civil rights action, Plaintiffs seek declaratory and injunctive relief, as well as monetary damages, for Defendants' alleged violations of Plaintiffs' constitutional and statutory rights. These alleged violations pertain to MSOP's provision of kosher and vegan foods—namely the lack of variety, insufficient caloric content, and faulty preparation of the kosher and vegan foods that MSOP serves. Plaintiffs assert that Defendants' actions violate Plaintiffs' rights under the First Amendment and Fourteenth Amendment to the United States Constitution, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Civil Rights Act (federal-law claims),[2] and the Minnesota Constitution and Minnesota Rules 4665.2900 and 4665.3000 (state-law claims).

The R&R recommends granting in part and denying in part Defendants' motion to dismiss the complaint. Specifically, the R&R recommends dismissing each of Plaintiffs' claims, except Daywitt's claims alleging that the insufficient caloric quantity in the kosher-food offerings prevents him from freely exercising his religion in violation of the Minnesota Constitution and the First Amendment to the United States Constitution.

---

[1] According to the complaint, Rastafarianism is a religious movement that requires observant Rastafarians to eat "natural vegan foods," called "I-tal."

[2] Plaintiffs' federal-law claims are brought under 42 U.S.C. § 1983.

Plaintiffs and Defendants timely objected to the R&R, and each timely responded to the other's objections.[3]

**ANALYSIS**

The district court reviews *de novo* those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). As Plaintiffs are proceeding *pro se*, the Court liberally construes their complaint and objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**I.      Plaintiffs' Objections to the R&R**

Plaintiffs assert five main objections to the R&R's recommendations, without specifically identifying any error in the R&R's analysis. Specifically, Plaintiffs object to the R&R's recommendations that the Court grant Defendants' motion to dismiss as to Plaintiffs' claims under (i) Minnesota Rules 4665.2900 and 4665.3000, (ii) the freedom-of-conscience clause of the Minnesota Constitution, (iii) the free-exercise-of-religion clause of the First Amendment, (iv) the substantive-due-process clause of the Fourteenth Amendment, and (v) the equal-protection clause of the Fourteenth Amendment. The R&R concludes that each claim should be dismissed for lack of subject-matter jurisdiction or failure to state a claim on which relief can be granted.

---

[3]    Although Plaintiffs filed a reply to Defendants' response to Plaintiffs' objection to the R&R, (Dkt. 48), the local rules do not permit such a filing. *See* LR 72.2(b) (providing only for written objections to an R&R and a response prior to a district judge's review of the R&R). The Court declines to consider Plaintiffs' reply.

Although a district court reviews *de novo* those portions of an R&R to which objections are made, 28 U.S.C. § 636(b)(1), *de novo* review is not required in the absence of specific objections to an R&R, *see Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review"). Under such circumstances, the court's review is for clear error. *Montgomery*, 98 F. Supp. 3d at 1017.

Plaintiffs do not specifically object to the R&R's analysis of their claims. Instead, Plaintiffs merely repeat the arguments that they presented to the magistrate judge. Plaintiffs fail to identify any fact or legal authority that the R&R omits, overlooks, or mischaracterizes. Nor do Plaintiffs present any argument that challenges the conclusions of the R&R. Even when liberally construed, Plaintiffs' objections do not address the R&R's legal analysis. Consequently, the Court reviews these portions of the R&R for clear error.

A finding or conclusion is "clearly erroneous" when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010) (internal quotation marks omitted). Having carefully reviewed the R&R and considered each of Plaintiffs' objections, the Court identifies no clear error in the magistrate judge's reasoning or recommended resolution of Plaintiffs' claims.

Accordingly, the Court overrules Plaintiffs' objections.

## II.  Defendants' Objections to the R&R

Defendants object to the R&R's recommendation that this Court deny Defendants' motion to dismiss as to Daywitt's freedom-of-conscience and free-exercise-of-religion claims that are founded on the allegations that the kosher-food offerings lack sufficient calories to be nutritious. Defendants argue that the magistrate judge erred in finding that Daywitt has sufficiently pleaded facts that demonstrate a substantial burden on their sincerely held religious belief.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level" so as to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Even though *pro se* complaints are construed liberally, they must nonetheless allege facts that are sufficient to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

A plaintiff must plead facts sufficient to demonstrate that a state policy or action "substantially burdens" a sincerely held religious belief to successfully plead a violation of the free-exercise-of-religion clause of the First Amendment to the United States Constitution. *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997). Such pleadings also will be sufficient to support a claim for violation of the freedom-of-conscience clause of the Minnesota Constitution. *See Rooney v. Rooney*, 669 N.W.2d 362, 369 (Minn. Ct. App. 2003); *see also In re Rothenberg*, 676 N.W.2d 283, 293 (Minn. 2004) (explaining that the

freedom-of-conscience clause of the Minnesota Constitution affords "greater protection" for religious liberties than the First Amendment to the United States Constitution). A "substantial burden" exists when a state policy or action "meaningfully curtail[s] a person's ability to express adherence to his or her faith" or denies a person "reasonable opportunities to engage in those activities that are fundamental to [that] person's religion." *Weir*, 114 F.3d at 820 (internal quotation marks and brackets omitted).

Daywitt alleges that Defendants' food policy, which provides Daywitt with an insufficient caloric quantity of kosher food, infringes on his sincerely held religious beliefs. Specifically, Daywitt maintains that his religion dictates the consumption of kosher food. But the daily kosher meals that Defendants offer contain between 1700 and 1800 calories, an amount that is much lower than the caloric content of the regular meals that Defendants offer other patients and below, by as much as 30%, the daily amount recommended by the National Research Council for moderately active adult males, such as Daywitt. Daywitt also alleges that these kosher meals fail to sustain him "in good health" or allow him to "remain healthy." As a result, Daywitt and other patients at MSOP-Moose Lake have at times been compelled to consume non-kosher foods in order to supplement the caloric content of their kosher meals. Daywitt has addressed these issues with Defendants and sought a remedy on multiple occasions. But Defendants have not corrected the deficiencies.

When accepted as true and construed liberally, these allegations establish that Defendants' kosher-food policy substantially burdens Daywitt's ability to freely exercise his sincerely held religious beliefs because the policy forces him to consume non-kosher

meals in order to sustain himself and to remain healthy. *See, e.g.*, *Baranowski v. Hart*, 486 F.3d 112, 125 (5th Cir. 2007) (holding that a policy of not providing kosher food that forced a Jewish inmate-plaintiff to modify his diet and to violate his sincerely held religious beliefs "may be deemed to work a substantial burden upon [plaintiff's] practice of his faith"). Accordingly, the complaint raises "a right to relief above the speculative level" and, in doing so, defeats Defendants' motion to dismiss as to these claims. *See Twombly*, 550 U.S. at 555.

Although Defendants argue that Daywitt must plead facts showing that the available kosher calories are not "sufficient to sustain [him] in good health," Defendants' argument is unavailing. Defendants maintain that the magistrate judge erred by treating the optimal average calorie intake recommended by the National Research Council as "a per se determination of the sufficiency of caloric intake for all persons" and, by doing so, converting the "good health" standard into a "less than recommended" standard. Defendants' argument is not germane.

The "good health" standard applies to prison inmates, not to civilly committed patients such as Daywitt. *See Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003) ("It is well settled that *jail and prison inmates* have the right to be provided with food sufficient to sustain them in good health . . . ." (Emphasis added.) (Internal quotation marks omitted.)); *see also Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (stating that a civilly committed person is entitled to "more considerate treatment and conditions of confinement" than a prison inmate (internal quotation marks omitted)). Courts in this Circuit have not applied the "good health" standard that Defendants advocate outside of

7

the context of actions brought by inmates. Because Defendants' objection is not aligned with the governing law of this Circuit,[4] the Court overrules it.

Defendants further contend that *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008), requires Daywitt to plead facts showing that sufficient kosher calories are actually unavailable to him through all other means. But, as the R&R correctly observes, *Patel* does not place the burden on Daywitt to show that he has exhausted other potential alternatives. Defendants offer no legal authority that requires a plaintiff to plead the exhaustion of administrative remedies outside the context of prisoners' actions, and the Court's research has found none. *See, e.g.*, *Sanchez v. Earls*, 534 F. App'x 577, 578–79 (8th Cir. 2013) (observing that *Patel* requires "a prisoner-plaintiff [to] show he 'has exhausted alternative means of accommodating his religious needs' to prove a substantial burden under RLUIPA or the Free Exercise Clause" (ellipsis omitted) (quoting *Patel*, 515 F.3d at 815)). Accordingly, Defendants' objection based on *Patel* is overruled.

### III. Clear Error Review

The Court reviews the remainder of the R&R, to which no party specifically objects, for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record

---

[4] Nor is Defendants' objection well grounded in the alleged facts, because Daywitt's *pro se* complaint contains allegations that the kosher meals they receive are insufficient to "sustain an individual in good health" or allow him to "remain healthy." These allegations, when construed liberally and with all reasonable inferences drawn in Daywitt's favor, are sufficient to satisfy the "good health" standard if it were applicable here.

in order to accept the recommendation."). Having carefully performed this review, the Court finds no clear error.

The Court modifies the R&R as it pertains to Daywitt's Section 1983 free-exercise-of-religion claims based on the insufficient caloric content of kosher food, however. The R&R inadvertently omits from its recommended dispositions Daywitt's claims against Defendants in their individual capacities. Because Defendants are not entitled to qualified immunity on these claims, Defendants' motion to dismiss is denied in this respect.

The Court also dismisses *without prejudice* Plaintiffs' claims that are subject to Defendants' sovereign-immunity defense.[5] Accordingly, the Court adopts the R&R with the modifications as set forth below.

## ORDER

Based on the R&R, the foregoing analysis, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' objections to the R&R, (Dkt. 42), are **OVERRULED**.

2. Defendants' objections to the R&R, (Dkt. 43), are **OVERRULED**.

3. The June 5, 2019 R&R, (Dkt. 41), is **ADOPTED** as modified herein.

---

[5] Dismissal with prejudice may be appropriate, for example, when a plaintiff repeatedly fails to comply with court orders or when amending a complaint would not cure its deficiencies. *See, e.g.*, *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (affirming dismissal with prejudice for failure to state a claim because amending complaint would be futile); *Doe v. Cassel*, 403 F.3d 986, 989–90 (8th Cir. 2005) (affirming dismissal with prejudice and noting "with particular interest that the district court did not apply the harsh medicine of dismissal with prejudice to [plaintiff's] initial complaint, but to her fourth"). But similar circumstances are not present here. Plaintiffs have filed one complaint, and the Court cannot conclude that amendment of the complaint would be futile.

4. Defendants' motion to dismiss, (Dkt. 18), is **GRANTED IN PART**, and Plaintiffs' claims are **DISMISSED** as follows:

   a. Plaintiffs' state-law claims against Defendants in their *official capacities* are **DISMISSED WITHOUT PREJUDICE**.

   b. Plaintiffs' claims against Defendants in their *individual capacities* under Minnesota Rules 4665.2900 and 4665.3000 are **DISMISSED WITH PREJUDICE**.

   c. Plaintiffs' claims against Defendants in their *individual capacities* under Article 1, Section 2, of the Minnesota Constitution are **DISMISSED WITH PREJUDICE**.

   d. Kinnard's claims against Defendants in their *individual capacities* under Article 1, Section 16, of the Minnesota Constitution as such claims relate to vegan food are **DISMISSED WITHOUT PREJUDICE**.

   e. Daywitt's claims against Defendants in their *individual capacities* under Article 1, Section 16, of the Minnesota Constitution as such claims relate to the alleged lack of variety or faulty preparation of kosher food are **DISMISSED WITHOUT PREJUDICE**.

   f. Daywitt's claim against Defendants in their *individual capacities* for monetary damages under Article 1, Section 16 of the Minnesota Constitution as such claim relates to the alleged insufficient caloric content of kosher food is **DISMISSED WITH PREJUDICE**.

g. Plaintiffs' 42 U.S.C. § 1983 claims against Defendants in their *official capacities* for monetary damages are **DISMISSED WITHOUT PREJUDICE**.

h. Kinnard's 42 U.S.C. § 1983 claims based on the free-exercise-of-religion clause of the First Amendment to the United States Constitution as such claims relate to vegan food are **DISMISSED WITHOUT PREJUDICE**.

i. Daywitt's 42 U.S.C. § 1983 claims based on the free-exercise-of-religion clause of the First Amendment to the United States Constitution as such claims relate to the alleged lack of variety or faulty preparation of kosher food are **DISMISSED WITHOUT PREJUDICE**.

j. Plaintiffs' 42 U.S.C. § 1983 claims based on the substantive-due-process clause of the Fourteenth Amendment to the United States Constitution are **DISMISSED WITH PREJUDICE**.

k. Plaintiffs' 42 U.S.C. § 1983 claims based on the equal-protection clause of the Fourteenth Amendment to the United States Constitution are **DISMISSED WITHOUT PREJUDICE**.

l. Plaintiffs' 42 U.S.C. § 1983 claims based on the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc–1, are **DISMISSED WITHOUT PREJUDICE**.

m. Plaintiffs' 42 U.S.C. § 1983 claims based on the Civil Rights Act, 42 U.S.C. § 2000e, are **DISMISSED WITHOUT PREJUDICE**.

5. Defendants' motion to dismiss, (Dkt. 18), is **DENIED IN PART** as to:

a. Daywitt's claim against Defendants in their *individual capacities* for declaratory or injunctive relief under Article 1, Section 16, of the Minnesota Constitution as such claim relates to the insufficient caloric content of kosher food;

b. Daywitt's 42 U.S.C. § 1983 claim against Defendants in their *official capacities* for declaratory or injunctive relief based on the free-exercise-of-religion clause of the First Amendment to the United States Constitution as such claim relates to the insufficient caloric content of kosher food; and

c. Daywitt's 42 U.S.C. § 1983 claims against Defendants in their *individual capacities* for declaratory or injunctive relief and monetary damages based on the free-exercise-of-religion clause of the First Amendment to the United States Constitution as such claims relate to the insufficient caloric content of kosher food.

Dated: September 13, 2019

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge